RAYMOND, Appellant, vs. CENTURY INDEMNITY COMPANY, Respondent.

*June 3—July 3, 1953.*

430

For the appellant there was a brief by *Stafford & Stafford,* attorneys, and *Robert F. Pfiffner* of counsel, all of Chippewa Falls, and oral argument by *Mr. Pfiffner.*

For the respondent there was a brief by *Hale, Skemp, Nietsch, Hanson & Schnurrer* of La Crosse, and oral argument by *R. E. Nietsch.*

FAIRCHILD, J. The plaintiff complains of damage caused by the negligence of one John E. Russell and alleges that at the time Robert Hall, "the plaintiff's agent and servant was operating plaintiff's vehicle." The Century Indemnity Company was the insurer of Ruth Hasseler, owner of the automobile driven by John Russell, and it is set forth in the complaint that "the Century Indemnity Company issued its bond and policy of insurance covering the operator, the said John E. Russell." The Century Indemnity Company, in its answer, denies covering the operator John E. Russell, while operating said motor vehicle. The issue of liability thus arises, and the question is whether Russell was driving the car with the permission of the individual who was the named insured or "with the permission of an adult member of such assured's household."

The son of the named insured, Mrs. Ruth Hasseler, as set forth in the statement of facts, was in the armed forces of the United States and stationed at Camp McCoy, Wisconsin. It appears clearly enough that the son, twenty-two years of age, had lived with his mother at Green Bay until he entered the army; that he had his mother's automobile with him. We are of the opinion that nothing has occurred to legally destroy his status as an adult member of his mother's household. Therefore, his giving permission to Russell to use the car created a question of relationship which is the matter to be investigated under the pleadings. The trial court was in

error in overruling plaintiff's offer to bring to the court's attention material and important facts bearing upon the son's right under the policy of the named insured to permit Russell to use the car and having that right relate back to his mother.

It appearing from the record that the real controversy has not been fully tried, it is considered that there must be a new trial. We do not find it necessary to labor the matter further as to whether proper motions were made. Sec. 251.09, Stats.

*By the Court.*—Judgment reversed, cause remanded with directions to set aside the judgment entered below and to grant a new trial.