## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign insurance corporation, and John A. Milanowski, Plaintiffs-Appellants,†

### v.

## Joseph M. KELLY and Home Mutual Insurance Company, a domestic insurance corporation, Defendants-Respondents.

Court of Appeals

*No. 85-2171. Submitted on briefs April 8, 1986.—Decided May 23, 1986.*

(Also reported in 389 N.W.2d 838.)

† Petition to review pending.

For the plaintiffs-appellants the cause was submitted on the briefs of *Kasdorf, Lewis & Swietlik, S.C.,* with *William J. Katt* and *Mark D. Koss* of counsel, of Milwaukee.

For the defendants-respondents the cause was submitted on the briefs of *Alan Shafrin,* of Milwaukee.

Before Moser, P.J., Wedemeyer and Sullivan, JJ.

WEDEMEYER, J.   This case of first impression concerns the denial of liability insurance coverage to an unlicensed minor who drove his stepfather's automobile without permission. John A. Milanowski's car was struck by a car driven by Joseph M. Kelly, age fifteen. When Milanowski brought suit, the trial court de-

termined that Kelly was not covered under his stepfather's insurance policy and granted summary judgment to the stepfather's insurer. Because the policy in question contained a provision requiring permission to drive, and because such a provision is authorized by sec. 632.32(5), Stats., we affirm.

The material facts are not in dispute. Home Mutual Insurance Company (Home Mutual) insured a car owned by Frank Guskey, Kelly's stepfather. Kelly purloined the keys to his car, took off for a drive, and collided with Milanowski's car. When Milanowski and his insurer, State Farm Mutual Automobile Insurance Company (State Farm), filed this claim to recover damages, Home Mutual asserted that Kelly was operating the Guskey car without permission and denied coverage. The trial court granted Home Mutual's motion for summary judgment and this appeal followed.

State Farm contends that Home Mutual's policy was contrary to the statute prohibiting "family exclusion" clauses, sec. 632.32(6)(b)1, Stats. This statute provides that no automobile insurance policy may exclude from coverage or benefits "[p]ersons related by blood or marriage to the insured." Home Mutual concedes that blanket exclusions of relatives are prohibited, but argues that sec. 632.32(5)(a) permits limitation of coverage "to use that is with the permission of the named insured." The trial court agreed with Home Mutual and held that sec. 632.32(5)(e) allows the incidental exclusion of a family member who operates an insured vehicle without permission.

A motion for summary judgment can be used to address issues of insurance policy coverage. *Germanotta v. National Indemnity Co.*, 119 Wis. 2d 293, 296, 349

N.W.2d 733, 735 (Ct.App. 1984). Section 802.08(2), Stats., provides that summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Because the facts in this case are uncontroverted, the sole question before us involves statutory interpretation. The application of statutory standards to a set of undisputed facts is a question of law which this court reviews without deference to the trial court. *Manor v. Hanson,* 123 Wis. 2d 524, 533, 368 N.W.2d 41, 45 (1985).

When there is a conflict or inconsistency between statutes on the same subject matter, we must construe the statutes in a manner that harmonizes them in order to give each full force and effect. *State Central Credit Union v. Bigus,* 101 Wis. 2d 237, 242, 304 N.W.2d 148, 151 (Ct.App. 1981). When determining the meaning and effect of statutory sections *in pari materia,*

> [i]t is assumed that whenever the legislature enacts a provision it has in mind previous statutes relating to the same subject matter. In the absence of any express repeal or amendment, the new provision is presumed in accord with the legislative policy embodied in those prior statutes. Thus, they all should be construed together.

N. Singer, 2A *Sutherland on Statutes and Statutory Construction* § 51.02 at 453 (Sands rev. 4th ed. 1984) (footnotes omitted). With these principles in mind, we will examine the apparently disparate impact of subsecs. 632.32(3), (5) and (6), Stats.,[1] on the insurance policy at bar.

---

[1] The relevant subsections of sec. 632.32, Stats., provide:

The Home Mutual family car policy provides in relevant part:

## COVERAGE A—LIABILITY COVERAGE

We will pay damages for which any insured person is legally liable because of bodily injury and property damage arising out of the ownership, maintenance or use of a car or utility trailer.

. . . .

## ADDITIONAL DEFINITION USED IN THIS PART ONLY

As used only in this Part "insured person" or "insured persons" mean:

---

(3) Required Provisions. Except as provided in sub. (5), every policy subject to this section issued to an owner shall provide that:

(a) Coverage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy.

(b) Coverage extends to any person legally responsible for the use of the motor vehicle.

. . . .

(5) Permissible Provisions. (a) A policy may limit coverage to use that is with the permission of the named insured or, if the insured is an individual, to use that is with the permission of the named insured or an adult member of that insured's household other than a chauffeur or domestic servant. The permission is effective even if it violates s. 343.45(2) and even if the use is not authorized by law.

. . . .

(e) A policy may provide for exclusions not prohibited by sub. (6) or other applicable law. Such exclusions are effective even if incidentally to their main purpose they exclude persons, uses or coverages that could not be directly excluded under sub. (6)(b).

(6) Prohibited Provisions. . . .

(b) No policy may exclude from the coverage afforded or benefits provided:

1. Persons related by blood or marriage to the insured.

(1)  You or a relative.

(2)  Any person using your insured car with your permission or that of an adult member of your household other than a chauffeur or domestic servant. But, the actual operation, or, if the person is not operating, the actual use of the car must be within the scope of the permission.
. . . .

But, no person shall be considered an insured person if the person uses a vehicle without having sufficient reason to believe that the use is with permission. [Emphasis deleted.]

From a reading of the Home Mutual policy, it is obvious that the definition of an "insured person" includes relatives. Thus, Kelly is presumably covered. It is equally obvious, however, that coverage is denied if a presumably insured person "uses a vehicle without having sufficient reason to believe that the use is with permission." Kelly, who stole the car keys from a locked bedroom, is therefore excluded under this provision. State Farm argues that this exclusion runs counter to the legislative policy incorporated in both the omnibus coverage statute, sec. 632.32(3), Stats., and the prohibition against family exclusion clauses, sec. 632.32(6)(b)1. Certainly, the intent of the omnibus coverage requirement is to increase the number of injured persons who may recover under insurance policies. *Pavelski v. Roginski,* 1 Wis. 2d 345, 349, 84 N.W.2d 84, 86 (1957). This does not mean, however, that a permission to drive clause authorized by sec. 632.32(5) is thereby nullified. Indeed, our review of legislative history leads us to the opposite conclusion.

The requirement of omnibus insurance coverage was first enacted by ch. 372, Laws of 1925, and incorpo-

rated in sec. 204.30(3), Stats. (1925). This subsection provided, in part, that the "coverage hereby afforded shall not apply unless the . . . use [of the motor vehicle] . . . be with the permission of the assured named in this policy." *Id.* Although many legislative changes have occurred and the statute itself has been renumbered, the permissive use limitation has remained constant. *See* sec. 632.32(5)(a), Stats. As our supreme court stated nearly fifty years ago:

> While it is true that ch. 372, Laws of 1925, was intended to promote the interests of the public as well as the additional parties to the contract . . . the statute definitely limits extension of the benefits of the policy to those driving with the permission of the named assured, or if the named assured is an individual, with the permission of an adult member of the assured's household other than a chauffeur or domestic servant.

*Locke v. General Accident Fire & Life Assurance Corp.,* 227 Wis. 489, 494–95, 279 N.W. 55, 58 (1938) (citation omitted). Thus, our statutory omnibus coverage clause and our statutory permission to drive clause must be construed together. R. Anderson, 12 *Couch on Insurance 2d* § 45:312 at 648 (Rhodes rev. ed. 1981) (citing *Locke*).

The prohibition against family exclusion clauses was enacted by ch. 477, Laws of 1931. *See* sec. 204.34(2), Stats. (1933). This new provision was enacted to prohibit exclusion clauses that would withdraw any coverage or protection required to be given under the omnibus coverage statute. *Haines v. Mid-Century Insurance Co.,* 47 Wis. 2d 442, 447, 177 N.W.2d 328, 331 (1970). "In essence, the purpose of both these sections read together is to provide protection to innocent third per-

sons injured by the negligent operation of motor vehicles by others *regardless of the relationship between the victim and the driver." Id.* (emphasis added).

In *Haines,* a passenger-wife commenced a personal injury action against her driver-husband, and our supreme court was confronted with the then-existing conflict between Minnesota and Wisconsin law on the issue of family exclusion clauses. As the *Haines* court explained, the primary purpose of a family exclusion clause is to exempt insurers from liability to those persons to whom the insured, on account of close family ties, would be apt to be partial in case of injury. *Id.* (citation omitted). Thus, the public policy rationale for allowing a family exclusion clause is to protect insurance companies from false claims. *Id.* at 447–48, 177 N.W.2d at 331. Our supreme court concluded that the Wisconsin rule "protecting the injured party's right to collect damages from the person . . . responsible for his injuries *(even if a member of his family)* and his insurer, is to be preferred over the [Minnesota] rule preventing that recovery." *Id.* at 451, 177 N.W.2d at 333 (emphasis added).

Of course, the prohibition against family exclusion clauses also precludes an insurance company from denying coverage "upon the ground that the car was at the time [of the accident] being driven by the wife, son, or other relative of the named assured." *Segall v. Ohio Casualty Co.,* 224 Wis. 379, 386–87, 272 N.W. 665, 668 (1937). As the trial court here properly noted, however, Home Mutual did not deny coverage because Guskey's stepson was driving, but because the stepson was driving without Guskey's permission. The trial court, in analyzing Home Mutual's policy, concluded that there was no "blanket exclusion" of family members;

"[r]ather, there is coverage with a qualifier." The "qualifier," clearly stated in the policy, is that no one will be considered an insured person unless he or she has permission to use the vehicle.

We hold that this qualifying language is in keeping with both our statutes and our case law. Section 632.32(5), Stats.; *see Caraway v. Leathers,* 58 Wis. 2d 321, 322, 206 N.W.2d 193, 195 (1973) (motion for summary judgment should have been granted to father's insurer where unlicensed fifteen-year old son drove father's car without permission). In contrast, there is nothing in the legislative history or case law to support State Farm's contention that the prohibition against family exclusion clauses, sec. 632.32(6)(b)1, overrides the permissive use proviso authorized by sec. 632.32(5). If anything, the continuing restatement of the permission to drive provision embodied in the original omnibus coverage statute, sec. 204.30(3), Stats. (1925), demonstrates the legislature's intent to limit insurance coverage to those who drive with the permission of the named insured.

We conclude that Home Mutual's policy does not violate the prohibition against family exclusion clauses. The contested language does not exclude coverage; it qualifies it. Because such an interpretation creates harmony, and lessens conflict, between the applicable statutory subsections, we affirm the trial court's denial of coverage.

*By the Court.*—Judgment affirmed.