Marsha ARPS, Gregory Bender, Danial Montag, Irma Sphatt and Grace Atwood, Plaintiffs-Respondents,

v.

Frederick W. SEELOW and American Family Mutual Insurance Company, Defendants-Appellants,†

Andrea R. FOUNTAIN and State Farm Mutual Automobile Insurance Company, Defendants.

Court of Appeals

*No. 90–2303. Submitted on briefs April 19, 1991.—Decided June 5, 1991.*

(Also reported in 472 N.W.2d 542.)

†Petition to review denied.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Dale L. English* of *Colwin & English, S.C.* of Fond du Lac.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Thomas E. Hughes* of *Hughes, Mathewson, Carns & Slattery* of Oshkosh.

Before Nettesheim, P.J., Scott and Anderson, JJ.

SCOTT, J. Frederick Seelow and his insurer, American Family Mutual Insurance Company, appeal a judgment declaring that coverage exists for an accident which occurred while Andrea Fountain was driving Seelow's car without his express or implied permission.[1] We conclude that because she was an adult member of Seelow's household, Fountain had permission to use the car by operation of sec. 632.32, Stats.

Fountain was the sometime live-in mate of Seelow. Seelow owned a Thunderbird automobile insured by American Family. One evening when the two were out at a tavern, Fountain took Seelow's car and was involved in an accident which killed three people. The jury found that Fountain was an adult member of Seelow's household. It also found that at the time of the accident, she was using Seelow's car without his express or implied permission. Given these findings, the circuit court determined that coverage exists for Fountain's use of the car because as an adult member of Seelow's household, her

---

[1] A jury trial was held on the coverage issues only. We granted leave to appeal the nonfinal judgment. Section 808.03(2), Stats.

act of driving the car evidenced her permission for her use.

The American Family policy defines an insured person as:

> 2. Any person using your insured car.
>
> . . ..
>
> But the following are not insured persons:
>
> 1. Any person, other than a relative, using your insured car without your permission, or that of an adult member of your household other than a chauffeur or domestic servant.
>
> . . ..
>
> 3. Any person using a vehicle without the permission of the person having lawful possession.

The policy language complies with the requirements of sec. 632.32, Stats. That section provides in relevant part:

> (3) REQUIRED PROVISIONS. Except as provided in sub. (5), every policy subject to this section issued to an owner shall provide that:
>
> (a) Coverage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy.
>
> . . ..
>
> (5) PERMISSIBLE PROVISIONS. (a) A policy may limit coverage to use that is with the permission of the named insured or, if the insured is an individual, to use that is with the permission of the named insured or an adult member of that insured's household other than a chauffeur or domestic servant. The permission is effective even if it violates s. 343.45(2) and even if the use is not authorized by law.

The combination of secs. 632.32(3)(a) (the omnibus coverage clause) and 632.32(5)(a), Stats. (the permissive use limitation), requires coverage of any person using the vehicle with permission of an adult member of the insured's household. *See Derusha v. Iowa Nat'l Mut. Ins. Co.,* 49 Wis. 2d 220, 222, 181 N.W.2d 481, 482 (1970). The omnibus statute is for the benefit of injured persons and is to be applied to that end. *Gross v. Joecks,* 72 Wis. 2d 583, 588, 241 N.W.2d 727, 729 (1976). The omnibus coverage clause and the permissive use limitation in sec. 632.32 must be construed together. *State Farm Mut. Auto. Ins. Co. v. Kelly,* 132 Wis. 2d 187, 193, 389 N.W.2d 838, 840 (Ct. App. 1986). Because the omnibus statute requires a broad construction of permission, adult members of the household must be deemed capable of giving themselves permission to drive.

Inquiry into whether the adult member of the household had general authority to drive the car is not necessary. The omnibus statute nullifies any denial of permission to use the car to an adult household member.[2] It operates without reservation to give the adult household member authority to give permission for use of the car. When such permission is given, coverage is mandated. Thus, coverage is required here despite the fact that Seelow never gave Fountain permission to drive the Thunderbird that evening or blanket permission to drive it anytime.

Seelow and American Family argue that *Raymond v. Century Indemnity Co.,* 264 Wis. 429, 59 N.W.2d 459

[2]For this reason, we reject American Family's contention that the controlling policy language is that excluding coverage for any person driving without the permission of the person having lawful possession of the car.

(1953), is instructive as to the need to examine the permission, if any, given by the owner to an adult household member. In *Raymond,* the owner of the car permitted her adult son to take the car with him when he entered the military. The son loaned the car to another, Russell, who became involved in an accident. The trial court refused to admit evidence that the son was an adult member of the household and other evidence bearing on the son's unrestricted use of the vehicle. The trial court dismissed the action against the mother's insurer. The supreme court found that the issue was whether the third person was driving the car with the permission of the named insured or of an adult member of the insured's household. *Id.* at 431, 59 N.W.2d at 460. The court concluded:

> We are of the opinion that nothing has occurred to legally destroy [the son's] status as an adult member of his mother's household. Therefore, his giving permission to Russell to use the car created a question of relationship which is the matter to be investigated under the pleadings. The trial court was in error in overruling plaintiff's offer to bring to the court's attention material and important facts bearing upon the son's right under the policy of the named insured to permit Russell to use the car and having that right relate back to his mother.

*Id.* at 431-32, 59 N.W.2d at 460.

The *Raymond* court was concerned only with the trial court's disregard of the son's status as an adult member of the mother's household. It focused on the son's ability to grant permission for use of the car because he was a household member. The court's remand to the trial court did not seek to inquire into the extent of permission the son had to use the car or whether he had express permission to grant permission to others.

*Raymond* does not suggest that inquiry into the extent of permission to an adult household member is a prerequisite to finding coverage.

Here, the jury determined what was missing in the *Raymond* case—that Fountain was an adult member of Seelow's household. With that fact, her use of the car was with the permission of an adult household member—herself. Coverage exists.[3]

*By the Court.*—Judgment affirmed.

---

[3]For the first time in their reply brief, Seelow and American Family argue that the evidence was insufficient that Fountain had actually given herself permission to drive the car. They rely on the fact that Fountain drove the car away without headlights so Seelow would not notice. We generally do not consider arguments not raised in the trial court and raised for the first time in the reply brief. *Wirth v. Ehly,* 93 Wis. 2d 433, 443-44, 287 N.W.2d 140, 145 (1980); *In re Estate of Bilsie,* 100 Wis. 2d 342, 346 n.2, 302 N.W.2d 508, 512 (Ct. App. 1981). Even if we were to consider the argument, the proof they suggest is not necessary. Fountain had permission by operation of the omnibus statute.