Nunzio DIPASQUALE, Individually and as Special
Administrator of the Estate of Bette Dipasquale, Plain-
tiff-Respondent,†

v.

AMERICAN FAMILY INSURANCE COMPANY, Defendant-
Appellant.

Court of Appeals

*No. 91-2023. Submitted on briefs January 22, 1992.—Decided
February 11, 1992.*

(Also reported in 483 N.W.2d 231.)

†Petition to review denied.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Susan Schleif Gherty* of *Gherty* and *Gherty, S.C.* of Hudson.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Delton J. Thorson* of Augusta.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. American Family Insurance Company appeals a summary judgment in favor of the insured, Nunzio Dipasquale, for medical expenses that he incurred for his wife's treatment. American Family contends that the costs incurred for the treatment of alcoholic cirrhosis and its related conditions are excluded from coverage under its health insurance policy exclusion for charges relating to "alcoholism . . . or complications thereof." We agree. The judgment is reversed and the cause remanded with directions to enter judgment in favor of American Family.

American Family issued a health insurance policy to Dipasquale and his wife. The policy provided coverage for medical expenses, but specifically excluded charges for "alcoholism . . . or complications thereof."

The facts are undisputed. Dipasquale's wife had long been diagnosed as an alcoholic. In June 1989, she was admitted to Indianhead Medical Center and diagnosed with upper gastrointestinal bleeding secondary to esophageal and gastric varices, alcoholic cirrhosis and probable congestive heart failure secondary to the gastrointestinal bleeding. She was later transferred to

Abbott-Northwestern Hospital where a doctor believed that the gastrointestinal bleeding was related to portal hypertension, most likely caused by alcoholic cirrhosis. Dipasquale's wife underwent portal shunt surgery to reduce the portal hypertension—the increased blood pressure in the portal vein that serves the liver. The surgeons linked this treatment to her alcoholic cirrhosis. Dipasquale's wife died the day after the surgery.

Dipasquale submitted the hospital bills incurred for his wife's treatment to American Family. However, American Family denied coverage under its exclusion for charges relating to "alcoholism . . . or complications thereof." Dipasquale sued American Family claiming that the exclusion did not apply. Both parties filed motions for summary judgment. The trial court concluded that the phrase "alcoholism . . . or complications thereof" was ambiguous. It construed the policy against American Family and concluded that American Family was liable to Dipasquale for the medical expenses incurred for his wife's treatment, plus statutory costs.

■ We review a summary judgment de novo. *Grosskopf Oil v. Winter,* 156 Wis. 2d 575, 581, 457 N.W.2d 514, 517 (Ct. App. 1990). The methodology for reviewing a summary judgment has been described many times, and it need not be repeated here. *See Grams v. Boss,* 97 Wis. 2d 332, 338, 294 N.W.2d 473, 476 (1980).

■ The issue on appeal is whether the exclusion for charges relating to "alcoholism . . . or complications thereof" is ambiguous and whether it excludes coverage for the charges Dipasquale incurred for his wife's treatment of alcoholic cirrhosis and its related conditions. The interpretation of words or clauses in an insurance contract is a question of law that we review without

deference to the trial court. *Just v. Land Reclamation,* 155 Wis. 2d 737, 744, 456 N.W.2d 570, 572 (1990).

When interpreting an exclusionary clause in an insurance policy, we must first determine whether the language is ambiguous. *Id.* at 744, 456 N.W.2d at 572-73. Exclusionary clauses are tested by what a reasonable person in the position of an insured would have understood the words to mean. *Parks v. Waffle,* 138 Wis. 2d 70, 75, 405 N.W.2d 690, 692 (Ct. App. 1987). An ambiguity exists when an exclusionary clause is reasonably susceptible to more than one construction from the viewpoint of a reasonable person in the position of the insured. *Schroeder v. Blue Cross & Blue Shield,* 153 Wis. 2d 165, 174, 450 N.W.2d 470, 473 (Ct. App. 1989). Where an exclusionary clause is unambiguous, we will simply apply the exclusion without engaging in construction. *Leverence v. USF&G,* 158 Wis. 2d 64, 73, 462 N.W.2d 218, 222 (Ct. App. 1990).

The parties agree that coverage in this case depends upon the interpretation of the word "complications." American Family argues that a "complication" is a second disease or condition occurring during the course of a primary disease and may result from the primary disease or from independent causes. Dipasquale contends that a "complication" is a concurrent disease or condition that aggravates the original disease. Dipasquale and American Family cite dictionary definitions to support their respective positions. However, under the facts in this case, we need not look to the dictionary definitions of "complication." The test is whether a reasonable person would understand the term "complication," in the context of an exclusion for charges relating to "alcoholism . . . or complications thereof," to include alcoholic cir-

rhosis and its related conditions. *See Parks,* 138 Wis. 2d at 75, 405 N.W.2d at 692.

We conclude that a reasonable person in the position of the insured, reading the policy colloquially, would understand the term "complications," as used in the exclusion for charges relating to the complications of alcoholism, to include alcoholic cirrhosis and its related conditions. A reasonable person would understand the term "complication" to mean, at a minimum, a disease or unfavorable condition that relates to or results from the alcoholism and that causes a worsening of the individual's condition. In other circumstances, dealing with a condition other than alcoholic cirrhosis or gastrointestinal bleeding related to alcoholic cirrhosis, the term "complication" as used in the exclusion for charges relating to "alcoholism . . . or complications thereof" may be ambiguous. However, the term "complication" as used in this context and as applied to these facts is unambiguous.

Dipasquale does not dispute that his wife's gastrointestinal bleeding and alcoholic cirrhosis were conditions that related to or resulted from her alcoholism and made her physical condition worse. Instead, he merely argues that the gastrointestinal bleeding and the alcoholic cirrhosis were not complications of alcoholism because they did not aggravate his wife's alcoholism, which he defines as her addiction to alcoholic beverages. Therefore, as Dipasquale reads the exclusion, only conditions that make his wife's addiction to alcohol more severe or her desire to drink alcohol more intense are complications excluded by the policy. However, we reject his definition of "complications" because it is inconsistent with what a reasonable person in the position of the insured would understand the term to mean. A reasonable person in the

position of the insured would understand the term "complication," as used in the exclusion for complications of alcoholism, to include alcoholic cirrhosis and its related conditions.

The undisputed facts indicate that Dipasquale's wife's gastrointestinal bleeding related to portal hypertension, most likely caused by her alcoholic cirrhosis. Alcoholic cirrhosis is a liver disease caused by excessive consumption of alcohol. The surgery was performed in an effort to reduce the portal hypertension and was also linked to the alcoholic cirrhosis. There is no question that Dipasquale's wife's gastrointestinal bleeding and alcoholic cirrhosis were conditions that related to or resulted from her alcoholism and that made her physical condition worse. Thus, we conclude that the charges incurred by Dipasquale for his wife's treatment were charges relating to the complications of alcoholism and, as such, are excluded under American Family's medical insurance policy.

Dipasquale alleges that even if the charges fall within the exclusion, they should be covered because American Family waived the exclusion by covering charges for complications of his wife's alcoholism in the past. We disagree. Dipasquale cites no Wisconsin law or authority to support his waiver argument. Furthermore, the facts indicate that since 1981, when American Family had medical proof that Dipasquale's wife's medical problems were linked to her alcoholism, it denied claims relating to her treatment. One decision to deny coverage in 1983 was reversed when Dipasquale submitted medical evidence to support his position that his wife's treatment was not a complication of her alcoholism. Thus, Dipasquale's argument that American Family waived its

exclusion for charges relating to his wife's complications of her alcoholism lacks merit.

The term "complications," as used in the context of an exclusion for charges relating to "alcoholism . . . or complications thereof," and as understood by a reasonable person in the position of the insured unambiguously includes alcoholic cirrhosis and its related conditions. Thus, we conclude that the charges Dipasquale incurred for his wife's treatment are excluded. The judgment is reversed and the cause remanded with directions to enter judgment in favor of American Family.

*By the Court.*—Judgment reversed and cause remanded with directions.