COURT OF APPEALS
DECISION
DATED AND FILED

May 18, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2020AP810**

**STATE OF WISCONSIN**

Cir. Ct. No.  **2018CV241**

**IN COURT OF APPEALS
DISTRICT III**

---

FIRE INSURANCE EXCHANGE,

    PLAINTIFF-RESPONDENT,

  V.

FRANK GIBSON,

    DEFENDANT-THIRD-PARTY
    PLAINTIFF-APPELLANT,

SHELLY RUBENIC AND ESTATE OF VERNON RUBENIC,

    DEFENDANTS,

  V.

AETNA HEALTH INSURANCE COMPANY,

    THIRD-PARTY DEFENDANT.

---

APPEAL from a judgment of the circuit court for Door County: D. T. EHLERS, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Frank Gibson appeals from a judgment declaring that Fire Insurance Exchange's insurance policies did not provide coverage for Gibson's injuries related to the use of a watercraft owned by an insured. We affirm.

## BACKGROUND

¶2 The relevant facts are undisputed. Gibson was a passenger in a motorboat operated by Vernon Rubenic in the waters of Green Bay. They were boating to the Rubenics' property on Washington Island when the boat crashed into the shore north of Ellison Bay, severely injuring Gibson and killing Vernon. The boat was titled in the name of Rubenic's wife, Shelly Rubenic.

¶3 The Rubenics had two insurance policies issued by Fire Insurance. The first policy was a "Smart Home" policy on the Rubenics' primary residence in Illinois (the Illinois Policy). Gibson conceded in the circuit court that the Illinois Policy does not obligate Fire Insurance to defend or indemnify the Rubenics for any of Gibson's claims in this case.

¶4 The Rubenics' second policy was a Landlords Protector policy for the Rubenics' Washington Island property (the Wisconsin Policy). The "insured location" is defined therein to mean the premises' address on Washington Island. The Wisconsin Policy generally contained liability coverage for bodily injuries. For liability purposes, the insuring agreement of the policy provided:

> We shall pay all damages from an occurrence which an **insured** is legally liable to pay because of **bodily injury** … arising out of the ownership, maintenance, or use of the **insured location** covered by this policy.

¶5    The Wisconsin Policy also contained the following exclusion:

> We do not cover **bodily injury, personal injury** or **property damage** which:
>
>   ….
>
> 6. results from the ownership maintenance, use, loading or unloading of:
>
>   ….
>
>     c. jet skis …
>
>     d. any other watercraft owned or rented to **an insured**.
>
> 7. results from the entrustment of any aircraft, motor vehicles, jet skis, or jet sleds to any person. Entrustment means the permission you give to any person other than you to use any personal aircraft, motor vehicles, jet skis or jet sleds owned or controlled by you.
>
> 8. results from the entrustment of watercraft described in 7d above.

(Emphasis added and omitted.)

¶6    Fire Insurance commenced a declaratory judgment action seeking a determination of its rights and obligations under the insurance policies for the bodily injury claims resulting from the boating accident, pursuant to WIS. STAT. § 806.04 (2019-20). Gibson filed an answer together with counterclaims, which included a tort action against Vernon's estate. The tort action was bifurcated and stayed during the coverage dispute. Fire Insurance filed a motion for summary judgment, and the circuit court subsequently held that Fire Insurance had no duty to defend or indemnify Shelly, or Vernon's estate, for Gibson's claims. The court

3

held that Gibson's claims all arose out of use of a watercraft owned by an insured and "[s]uch coverage is unequivocally excluded under the Rubenics' Landlords policy with the Plaintiff." Gibson now appeals.

## DISCUSSION

¶7      Summary judgment is often an appropriate method to determine insurance policy coverage. *Home Ins. Co. v. Phillips*, 175 Wis. 2d 104, 109, 499 N.W.2d 193 (Ct. App. 1993). Summary judgment may be granted when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Id.* Our review of such a grant is independent, without deference to the circuit court. *Id.* We will not rewrite an insurance policy if the language is unambiguous, and we will give the policy its plain and ordinary meaning to avoid imposing contractual obligations the parties did not undertake. *Frost ex rel. Anderson v. Whitbeck*, 2002 WI 129, ¶17, 257 Wis. 2d 80, 654 N.W.2d 225.

¶8      The Wisconsin Policy generally contained liability coverage for injuries arising out of the ownership, maintenance or use of the Rubenics' Washington Island property. The policy specifically excluded, however, personal injuries resulting from the use of watercraft owned by an insured. As the circuit court correctly recognized, "That exclusion could not be any more clear and unambiguous." Shelly and Vernon Rubenic were both "an insured" under the Wisconsin Policy. The boat was titled in Shelly's name, and it was operated by Vernon at the time of the accident. Coverage is unequivocally excluded under the Wisconsin Policy.

¶9      Gibson argues that although the Illinois Policy does not apply to his claims, the use of "any" in its analogous watercraft exclusion is instructive when

4

analyzing the Wisconsin Policy because "it provides the basis for the 'any' versus 'an' distinction in the exclusions of both policies."[1]

¶10    The exclusion in the Illinois Policy states, in part:

> We do not cover **bodily injury**, **property damage** or **personal injury** which arises from … the ownership … [or] … use … by **any insured** of any:
>
>   ….
>
> c.  watercraft ….

¶11    Gibson contends the meaning of the Wisconsin Policy exclusion is ambiguous because it relates to any watercraft owned by "an" insured—as opposed to "any" insured, as stated in the Illinois Policy exclusion. Gibson contends "there is a difference between 'an' and 'any'" in Wisconsin case law. Gibson acknowledges that Vernon was an insured under the Wisconsin Policy, but he emphasizes that Vernon did not own the watercraft. He claims the Wisconsin Policy exclusion states that it applies only to a watercraft "owned or rented to an insured," and therefore the exclusion does not apply to an insured who does not own a watercraft. Gibson thus argues "[t]he policy exclusion clearly does not apply to an insured who does not own the boat."

¶12    In this regard, Gibson relies largely upon our decision in ***Taryn E.F. v. Joshua M.C.***, 178 Wis. 2d 719, 505 N.W.2d 418 (Ct. App. 1993). In that case, the parents of a child who had been sexually molested by her twelve-year-old babysitter sought a declaration that the babysitter's parents were covered by their

---

[1] At the outset, Gibson concedes that the circuit court "correctly determined that Wisconsin law applies to this suit because the location of the insured property is on Washington Island, Door County, Wisconsin, and this is the most significant relationship."

homeowner's policy for potential liability stemming from the sexual molestation. *Id.* at 721-22. There was no dispute that the intentional act and sexual molestation policy exclusions precluded coverage for the babysitter himself. *Id.* at 723. The circuit court granted summary judgment for the insureds, and we affirmed, holding that the exclusionary language for intentional acts of "any insured" unambiguously denied coverage for all liability incurred by each and any insured as a result of certain conduct by any of the persons insured by the policy. *Id.* at 724.

¶13 The insurance policy in *Taryn E.F.* contained an intentional acts exclusion for "any outrageous conduct on the part of any 'insured' consisting of any intentional, wanton, malicious acts." *Id.* at 723. The policy also excluded coverage for "sexual molestation." *Id.* at 723-24. The victim's parents, however, argued that the babysitter's parents were covered by virtue of a severability clause contained in the following policy provision: "Each person listed above is a separate insured under this policy, but this does not increase our limit of liability under this policy." *Id.* (emphasis omitted). The argument for coverage hinged on their conclusion that the policy became ambiguous when the severability clause was read in conjunction with the exclusionary clause, such that an innocent parent who did not commit or encourage the sexual molestation may be entitled to coverage. *Id.* at 724.

¶14 *Taryn E.F.* held that even when read in context with the severability clause, the intentional acts exclusion "unambiguously denies coverage for all liability incurred by each and any insured as a result of certain conduct by any of the persons insured by the policy." *Id.* This result was so because of the policy's use of the word "any" before the word "insured," as opposed to "an" or "the" insured. *Id.* at 724-25. Therefore, *Taryn E.F.* involved the distinction between

"an" and "any" as a function of intentional acts exclusions, as a result of *conduct* that was excluded.

¶15    Here, the policy exclusion was not *conduct* based, but *ownership* based.  The Wisconsin Policy excluded coverage if the boat was owned by "an" insured, regardless of whose conduct was at issue in causing the injuries.  Gibson's claims in the present case resulted from the use of a boat owned by an insured—i.e., Shelly.  The exclusion is not tethered to who was operating the watercraft, or to the conduct resulting in the injury.  Exclusions based upon conduct, which raise separation-of-insured concerns, are not at issue here.  Because the loss occurred as a result of a watercraft owned by "an insured" there is no coverage—including for negligent supervision claims—as Gibson's claims all result from the use of watercraft owned by an insured.

¶16    Gibson's attempt to use the contradistinction between the "any insured" language in the Illinois Policy exclusion and the "an insured" language in the Wisconsin Policy exclusion fails as a matter of grammar, logic and common sense.  In the Wisconsin Policy, the use of "an" as an indefinite article is applicable to more than one individual object.  "An" insured is used in the same grammatical sense as "any" insured.  Quite simply, if "an insured" owned the watercraft, there is no coverage.

¶17    Occasionally, a clear and unambiguous provision may be found ambiguous in the context of the entire policy—such as the organization, labeling, explanation, inconsistency, omission, or text of the other provisions in the policy.  *See, e.g.*, ***Dowhower ex rel. Rosenberg v. West Bend Mut. Ins. Co.***, 2000 WI 73, ¶18, 236 Wis. 2d 113, 613 N.W.2d 557.  But Gibson provides no citation to case law supporting the proposition that we may find contextual liability in one

insurance policy by reference to a wholly different policy. In any event, the Wisconsin Policy exclusion is clearly applicable here, and Gibson's attempt to manufacture ambiguity is unavailing.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).