Argued and submitted April 1, reversed and remanded with instructions
May 1, 1996

GRANGE INSURANCE ASSOCIATION,
a Washington Corporation,
*Plaintiff,*

*v.*

Parker Charles STUMPF,
Cora Lee Agee, Tracy Thompson, and Herb Wheeler,
*Defendants,*

*and*

Dave LUDEMAN
and Kristin Wheeler,
*Cross-Claim Defendants - Appellants,*

*and*

COUNTRY CASUALTY INSURANCE COMPANY,
*Cross-Claim Plaintiff - Respondent.*

(95-CV-0059AB; CA A89769)

915 P2d 1033

Craig O. West argued the cause for appellants. With him on the briefs was Ferguson, Hawkes & West.

Brian J. MacRitchie argued the cause for respondent. With him on the brief was Merrill, O'Sullivan, MacRitchie, Petersen & Dixon.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

In this declaratory judgment action, defendants Ludeman and Kristin Wheeler appeal from a summary judgment in favor of Country Casualty Insurance Company (Country Casualty). Because we conclude that the trial court erred as a matter of law, ORCP 47 C, we reverse and remand.

Thompson, a long-haul truck driver, owned a car that was insured by Country Casualty. Thompson lived with Agee and her 15-year-old son, Stumpf. Stumpf had an Oregon learner's permit but did not have a driver's license. On October 4, 1992, Stumpf drove Thompson's car to work and was involved in an accident with a car driven by Ludeman. The owner of that car, Kristin Wheeler, was a passenger. Both Wheeler and Ludeman were injured in the accident and subsequently sued Stumpf, Agee and Thompson for damages. Stumpf and Agee tendered defense to Agee's insurer, Grange Insurance Association (Grange) and to Thompson's insurer, Country Casualty.

In an action against Stumpf, Agee, Thompson, Ludeman, Kristin Wheeler, Herb Wheeler (Kristin's father),[1] and Country Casualty, Grange sought a declaration that it had no duty to defend or indemnify Agee or Stumpf. Country Casualty cross-claimed, also seeking a declaration that it had no duty to defend or indemnify Stumpf or Agee. Ludeman and Wheeler cross-claimed against Country Casualty, seeking a declaration that Agee and Stumpf were covered under Thompson's policy with Country Casualty. Both insurance companies and Wheeler and Ludeman filed cross-motions for summary judgment. The trial court granted Grange's motion on the ground that Agee's policy with Grange did not provide coverage, because that policy extends coverage only to family members who drive with the owner's permission and Stumpf did not have Thompson's permission to use Thompson's car.[2] The court also granted Country Casualty's motion for summary judgment and denied Ludeman and Wheeler's motion.

---

[1] A November 17, 1995, judgment dismissed with prejudice all claims against Herb Wheeler, and he is not a party to this appeal.

[2] The judgment entered on that motion has not been appealed.

It reasoned that "the analysis is the same" for the Country Casualty policy as for the Grange policy.

On appeal, Ludeman and Wheeler first argue that the Grange and Country Casualty policies contain materially different definitions of "insured" and that the trial court therefore erred in failing to analyze the Country Casualty policy independently. They contend that, although the Grange policy expressly requires that the driver receive the car owner's permission in order for a family member of the insured to be covered, the Country Casualty policy extends coverage to any persons who are residents of the insured's household.

The "Definitions" section of the Grange policy provides coverage for a "non-owned auto" where

> "someone else's **auto** [is] operated by **you** or a **family member** with the owner's permission. It cannot be furnished for the regular or frequent use of **you** or a **family member**." (Boldface in original.)

By contrast, the Country Casualty policy defines coverage in terms of persons. It provides that

> "* * * an **insured** is:

> "1.  with respect to an **insured vehicle**:

>> "a.  **you** and any resident of the same household as **you**;

>> "b.  anyone using an **insured vehicle** with **your** permission or the permission of an adult **relative**;

>> "c.  anyone else, but only with respect to liability resulting from acts or omissions of an **insured** as defined in a. or b. above." (Boldface in original.)

The Country Casualty policy does not limit coverage only to persons using the insured vehicle with permission. Ludeman and Wheeler are correct that the trial court erred in failing to analyze the Country Casualty policy independently from the Grange policy.

■      Ludeman and Wheeler next contend that the Country Casualty policy extends coverage to Agee and Stumpf, because it is uncontested that, at the time of the accident,

Thompson, Agee and Stumpf had been living together for three to five months as residents of the same household. Country Casualty responds that the policy does not provide coverage to Agee or Stumpf, because Thompson's "household" can consist only of family members who are related to the insured by blood or marriage. It relies on the definition of "household" that is contained in *Black's Law Dictionary* 666 (5th ed 1979), and an annotation in the *American Law Reports*.[3]

When construing an insurance contract, we seek to ascertain the intention of the parties, based on the terms and conditions of the policy. *Hoffman Construction Co. v. Fred S. James & Co.*, 313 Or 464, 469, 836 P2d 703 (1992). We interpret those terms and conditions according to what we perceive to be the understanding of the ordinary purchaser of insurance. *Totten v. New York Life Ins. Co.*, 298 Or 765, 771, 696 P2d 1082 (1985). We look first to the policy for definitions of its terms. If a crucial term is not defined in the policy, we consider its plain meaning. *Hoffman*, 313 Or at 469. If more than one meaning of the term is plausible, our inquiry is whether a proposed interpretation continues to be reasonable after consideration of the particular context in which the term is used in the policy and in the context of the policy as a whole. *Id.* at 470. If, after such an evaluation, two or more interpretations remain reasonable, we construe the term against the insurer, the drafter of the language. *Id.* at 470-71.

Thompson's policy with Country Casualty does not define "household." *Webster's Third New Int'l Dictionary* (unabridged ed 1976) provides some support for both of the proffered interpretations. It defines household as

> "those who dwell under the same roof and compose a *family*: a domestic establishment, specif. a social unit comprised of those living together in the same dwelling place." *Id.* at 1096. (Emphasis supplied.)

The definition of "family" does include relationships based on blood, marriage or adoption.

---

[3] David B. Harrison, *Annot., Who is 'Resident' or 'Member' of Same 'Household' or 'Family' as Named Insured, Within Liability Insurance Provision Defining Additional Insureds.* 93 ALR3d 420 (1979), including Supp (1995).

"**Family:** servants of a household, household including not only the servants but also the head of the household and all persons in it related to him by blood or marriage. *Id.* at 821. (Boldface in original.)

However, "family" is also defined to include relationships lacking such ties, such as "a group of individuals living under one roof: HOUSEHOLD." *Id.* at 821. *Black's* definition of "household," which is relied on by Country Casualty, does not help to resolve the dispute. Although *Black's* states that the "[t]erm 'household' is generally synonymous with 'family' for insurance purposes," *Black's* 740 (6th ed 1990), the lengthy definition of "family" also states that:

"The meaning of the word 'family' necessarily depends on field of law in which word is used, purpose intended to be accomplished by its use, and facts and circumstances of each case.

"As used in the context of uninsured motorist insurance coverage, 'family' is not confined to those who stand in a legal or blood relationship, but rather should include those who live within the domestic circle of, and are economically dependent on, the named insured (*e.g.*, foster child or ward)." *Id.* at 604.

Consequently, both Country Casualty's and Ludeman and Wheeler's interpretations of "household" are plausible. We therefore examine the context in which that term is used in section 1a of the policy and in the context of the policy as a whole.[4]

Although the Country Casualty policy does not define "household," it does define "relative" as

---

[4] Country Casualty's reliance on 93 ALR3d 420 (1979), including Supp (1995), is misplaced. Only three of the cases cited in the annotation are relevant. In two of those cases, the court held that coverage did apply, and the third is distinguishable on its facts. *See Arps v. Seelow*, 163 Wis 2d 645, 472 NW2d 542 (App) *rev den* 475 NW2d 164 (1991) (coverage under named insured's policy extended to insured's girlfriend, with whom insured lived, even though insured did not give her permission to drive insured vehicle); *United States Fidelity & Guar. v. Richardson*, 486 So 2d 929 (La App 1st Cir 1986) (fourteen-year-old daughter of woman living with insured covered, because the mother was "resident of the named insured's household"); *Allstate Ins. Co. v. Neumann*, 435 NE2d 591 (Ind App 1982) (evidence that driver maintained a separate residence from policy holder defeats coverage).

"a person related to [the policy holder] by blood, marriage or adoption who is *a resident of the same household* as [the policy holder], including a ward or foster child." (Emphasis supplied.)

The policy makes clear distinctions as to when coverage is restricted to relatives rather than to residents of the same household. For example, in section 1b, which addresses the use of a nonowned vehicle, coverage is limited to the named insured and that person's relatives, in contrast to section 1a, which, as noted earlier, expressly provides coverage for "any resident" of the insured's household. The policy is replete with similar distinctions in sections 2, 3 and 4, stating when coverage is available for "relatives" and when it is available for "residents of the same household." Moreover, even in section 1a, coverage for an insured vehicle is provided to "any resident of the same household" and is extended to anyone else using the vehicle only if those people are using the vehicle with the insured's permission or "the permission of an adult **relative.**" (Boldface in original.) For purposes of the policy, "relative" is a subset of "any resident of the same household as you." A household could include relatives, among others, and the term "household" in the phrase "any resident of the same household as you" is not limited to blood or legal relationships.

In this case, it is uncontested that Thompson, Agee and Stumpf had lived together for at least three months before the accident. There is no evidence that Thompson maintained any other residence. For purposes of coverage under Thompson's insurance policy with Country Casualty, we hold that Thompson, Agee and Stumpf were residents of the same household, as a matter of law. The trial court erred in granting Country Casualty's motion for summary judgment with respect to liability claims against Agee and in denying Ludeman and Wheeler's motion for summary judgment with respect to Country Casualty's liability for claims against Agee.

Ludeman and Wheeler have stipulated that if we determine that Country Casualty is liable for claims against

Agee under section 1a of the policy, they will waive all arguments regarding coverage for Stumpf. Therefore, we need not address Country Casualty's alternative argument.

Reversed and remanded with instructions to enter summary judgment for Ludeman and Wheeler with respect to Country Casualty's liability for claims against Agee.