Randall J. KETTNER, Jerome Kettner and Esther Kettner, Plaintiffs-Appellants,

v.

WAUSAU INSURANCE COMPANIES, Eugene E. Conradt and State Farm Mutual Automobile Insurance Company, Defendants-Respondents,†

Wisconsin DEPARTMENT OF HEALTH & SOCIAL SERVICES, Defendant.

Court of Appeals

*No. 94–2090. Oral argument January 20, 1995.—Decided February 21, 1995.*

(Also reported in 530 N.W.2d 399.)

†Petition to review denied.

For the plaintiffs-appellants the cause was submitted on the briefs of *Robert N. Duimstra* and *Joseph J. Beisenstein* of *Menn, Nelson, Sharratt, Teetaert & Beisenstein, Ltd.* of Appleton. There was oral argument by *Joseph J. Beisenstein*.

For the defendant-respondent, Wausau Insurance Companies, there was a brief and oral argument by

*Arnold P. Anderson* of *Mohr & Anderson, S.C.* of Hartford.

For the defendants-respondents, Eugene Conradt and State Farm Mutual Automobile Insurance Company, there was a brief and oral argument by *Richard T. Elrod* of *Herrling, Clark, Hartzheim & Siddal, Ltd.* of Appleton.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Randall, Jerome and Esther Kettner (Kettners) appeal the trial court's grant of summary judgment dismissing their complaint against Wausau Insurance Companies (Wausau). The court dismissed the Kettners' complaint on the grounds that Eugene Conradt was an agent of the school district of Shiocton (school district) for purposes of § 345.05(3), STATS., which provides that municipalities may be held liable for their motor vehicle accidents, and § 893.80(3), STATS., limiting the liability of governmental bodies and their agents. The Kettners contend that the trial court erred by granting summary judgment because: (1) the school district did not own and operate Conradt's bus under § 345.05(2) and (2) the term agent, as it is used in § 893.80(3), is limited to those persons whose conduct may be imputed to a governmental subdivision. Wausau, however, contends that while the trial court properly determined that §§ 345.05(3) and 893.80(3) were applicable to this case, the trial court erred by concluding that the omnibus clause, § 632.32, STATS., prohibited Wausau from excluding coverage to Conradt under the insurance policy it issued to the school district.

We conclude that: (1) the term "agent" under § 893.80, STATS., is limited to those agents who have a

master-servant relationship with a government entity; (2) § 345.05, STATS., is inapplicable to this case because it pertains exclusively to municipal liability and not to independent contractors with whom the municipality may transact business; and (3) the omnibus clause prohibits Wausau from excluding coverage to Conradt if his bus is covered under the school district's policy. Therefore, we reverse the summary judgment and remand for proceedings consistent with this decision.

The facts are undisputed. Eugene Conradt and Randall Kettner were involved in a bus-motorcycle accident. As a result of the accident, Kettner, who was riding the motorcycle, sustained severe and permanent injuries. At the time of the accident, Conradt was operating the bus pursuant to a contract with the school district. Conradt, who owned the bus, was insured by State Farm Mutual Automobile Insurance Company. Under the terms of the policy, Conradt's liability limit was $250,000. The school district also had an insurance policy with Wausau Insurance, which covered non-owned buses that it hired or borrowed. This policy provided an additional $1.5 million in business automobile and umbrella policy insurance coverage.

The Kettners subsequently filed suit, naming Conradt, State Farm and Wausau Insurance as defendants. Wausau, however, moved for summary judgment, arguing that it should be dismissed from the suit on two grounds. First, Wausau claimed that its policy applied exclusively to non-owned vehicles it hired or borrowed, thereby precluding Conradt from coverage under the policy. Second, Wausau argued that the Kettners' claim was limited to $250,000 under §§ 345.05(3) and 893.80(3), STATS., because Conradt was an agent of the school district. Thus, Wausau claimed that it was entitled to summary judgment

730

because Conradt's policy with State Farm was sufficient to provide the statutory maximum.

Despite Wausau's argument, the trial court concluded that Wausau's policy exclusion violated the omnibus clause set forth in § 632.32(3), STATS. Accordingly, the trial court concluded that Conradt was covered under Wausau's policy. However, as to Wausau's second argument, the trial court concluded that while Conradt was an independent contractor, he was also an agent for purposes of §§ 345.05(3) and 893.80(3), STATS. Therefore, the trial court determined that the Kettners' claim was limited to the statutory maximum of $250,000 and dismissed Wausau from the suit.

## SECTION 893.80, STATS., SERVANT OR INDEPENDENT CONTRACTOR

The Kettners contend that the trial court erred by concluding that Conradt was an agent of the school district for purposes of §§ 345.05(3) and 893.80(3), STATS. Relying on the legislative history of § 893.80, the Kettners argue that the term "agent," as it is used in § 893.80, is limited to those agents whose conduct may be imputed to the government under the doctrine of respondeat superior. The doctrine of respondeat superior operates to impute the liability of an agent to a principal only where the agent and principal are in a master-servant relationship. *Arsand v. Franklin*, 83 Wis. 2d 40, 45-46, 264 N.W.2d 579, 582 (1978). Therefore, the Kettners claim the $250,000 liability limit contained in § 345.05, STATS., does not apply to this case because Conradt was not a servant, but an independent contractor of the school district.

731

Whether the trial court properly concluded that Conradt was an agent of the school district under §§ 345.05(3) and 893.80(3), STATS., involves the interpretation and application of statutes to undisputed facts. We review such issues as questions of law without deference to the trial court. *Chang v. State Farm Mut. Auto. Ins. Co.*, 182 Wis. 2d 549, 560, 514 N.W.2d 399, 403 (1994).

When interpreting a statute, our primary objective is to ascertain and give effect to the legislative intent. *State v. Pham*, 137 Wis. 2d 31, 34, 403 N.W.2d 35, 36 (1987). To determine the legislature's intent, we first look to the language of the statute itself. *Id.* If the language of the statute is unambiguous, we "must implement the express intention of the legislature by giving the language its ordinary and accepted meaning." *DNR v. Wisconsin Power & Light Co.*, 108 Wis. 2d 403, 408, 321 N.W.2d 286, 288 (1982). However, if the language of the statute is ambiguous, we may look to its content, subject matter, scope, purpose and history to ascertain its reasonable meaning. *Boltz v. Boltz*, 133 Wis. 2d 278, 284, 395 N.W.2d 605, 607 (Ct. App. 1986). A statute is ambiguous if it is capable of being interpreted by reasonably well-informed persons to have two or more distinct meanings. *Ervin v. Kenosha*, 159 Wis. 2d 464, 472, 464 N.W.2d 654, 657-58 (1991).

Section 893.80(3), STATS., limits the liability of "any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or agency thereof and . . . their officers, officials, agents or employes for acts done in their official capacity or in the course of their agency or employment." Thus, § 893.80(3) not only limits the liability of the govern-

732

ment, but extends protection to its agents as well. Relying on the definition of agent contained in §§ 341.17(9)(a)1, 343.235(1)(a) and 343.24(4)(a)1, STATS., Wausau contends that an agent is an "authorized person who acts on behalf of or at the direction of another person." Therefore, Wausau argues that Conradt was an agent of the school district because he fulfilled the school district's statutory obligation of transporting school children.

In *Arsand*, 83 Wis. 2d at 48-49, 264 N.W.2d at 583, our supreme court noted that the term agent is not limited exclusively to one meaning:

> [An agent is] a person authorized by another to act on his account and under his control. Included within its meaning are both those who, whether or not servants . . . act in business dealings and those who, being servants, perform manual labor. An agent may be one who, to distinguish him from a servant in determining the liability of the principal is called an independent contractor. Thus, the attorney at law, the broker, the factor, the auctioneer, and other similar persons employed either for a single transaction or for a series of transactions are agents, *although as to their physical activities, they are independent contractors*.

*Id.* (quoting *Meyers v. Matthews*, 270 Wis. 453, 467, 71 N.W.2d 368, 375 (1955)) (emphasis in original). Thus, as *Arsand* demonstrates, the term agent may be used to define either a servant or an independent contractor. Under § 893.80, STATS., however, the term agent is not defined. Therefore, because this term has more than one meaning, we conclude that the meaning of agent as used in § 893.80 is ambiguous. Accordingly, we must look to extrinsic aids to discern the meaning that the

legislature intended. *Boltz*, 133 Wis. 2d at 284, 395 N.W.2d at 607.

Municipalities were historically immune from tort liability in Wisconsin. Legislative Council Report—1976 to § 893.80, STATS. In 1961, however, our supreme court abolished the concept of governmental immunity, thus exposing municipalities to tort liability. *Holytz v. Milwaukee*, 17 Wis. 2d 26, 36, 115 N.W.2d 618, 623 (1962). By reason of its decision, the court noted that public bodies would be liable under the theory of respondeat superior "for damages for the torts of its officers, agents and employees occurring in the course of the business of such public body." *Id.* at 40, 115 N.W.2d at 625. Accordingly, *Holytz* not only exposed government entities to tort liability for their own conduct, but also permitted liability to be imputed to these entities under the theory of respondeat superior.

In response to *Holytz*, the legislature enacted what is now § 893.80, STATS. This statute adopted the language of *Holytz*, limiting liability in suits against governmental subdivisions or "an officer, official, agent or employe" of the government. Although the protections of § 893.80 appear to apply to all agents, the Kettners contend that this was not the legislature's intent. Rather, the Kettners claim that when the legislature used the term agent, it actually intended to use the word servant. Accordingly, the Kettners argue that § 893.80 only protects those agents who act as servants of the government. We agree.

As we previously noted, *Holytz* used the doctrine of respondeat superior to expose governmental subdivisions to liability for the conduct of their "officers, *agents* and employees . . . ." *Id.* at 40, 115 N.W.2d at 625

(emphasis added). The doctrine of respondeat superior, however, does not apply to all agents. As our supreme court noted in *Arsand*, "the doctrine of respondeat superior is called into play only if one who is found to be an agent can be further identified as a particular kind of agent—a servant . . . ." *Id.* at 48, 264 N.W.2d at 583; *see also Pamperin v. Trinity Memorial Hosp.*, 144 Wis. 2d 188, 198, 423 N.W.2d 848, 852 (1988). Thus, although the *Holytz* court stated that public bodies would be liable for the torts of their agents under the doctrine of respondeat superior, it is apparent that the court used the word agent in the limited context of servants. Therefore, because § 893.80, STATS., is based on *Holytz*, and in fact adopted the very language used in that decision, we conclude that the term agent, as used in the statute, is limited exclusively to those agents who act as government servants. Our conclusion is consistent with the purpose of § 893.80.

In *Figgs v. Milwaukee*, 121 Wis. 2d 44, 53-54, 357 N.W.2d 548, 553 (1984), our supreme court noted that the purpose of the notice of claim requirement in § 893.80, STATS., "is to 'afford the [government] an opportunity to compromise and settle the claim without litigation.' There is nothing in sec. 893.80, STATS., to suggest that the legislature intended any different or additional purpose for this . . . statute." (Citation omitted.) Just as the notice of claim requirement is intended for the protection and benefit of the government, so is the limitation of liability contained in § 893.80(3). The purpose of this statute is to protect the government and taxpayers from excessive claims by limiting the government's exposure to potential liability. Thus, unless the government is exposed to liability, the protections of § 893.80 are inapplicable.

The protections of § 893.80, STATS., apply to those agents who act under a master-servant relationship with the government. *Gonzalez v. Teskey*, 160 Wis. 2d 1, 10, 465 N.W.2d 525, 529 (Ct. App. 1990). Because the conduct of a servant may be imputed to the principal, the government may be exposed to liability through the acts of its servants. Thus, the protections afforded by § 893.80 are necessary to protect the government and its taxpayers. Accordingly, where a party files suit against an agent who is acting as a government servant, § 893.80 limits the servant's liability regardless of whether the government itself is made party to the suit. *Id.*

This reasoning, however, does not hold true for independent contractors. Although independent contractors may also be agents in some circumstances, the general rule is that the liability of an independent contractor may not be imputed to the principal. *Arsand*, 83 Wis. 2d at 48, 264 N.W.2d at 583. Thus, because the conduct of an independent contractor does not expose the government to potential liability, independent contractors are not entitled to the protections afforded by § 893.80, STATS. To conclude otherwise would be to cloak every person or entity working on behalf of or at the direction of the government with the protections afforded by § 893.80, regardless of the extent and nature of the government's relationship with the particular person or entity. Thus, for example, if the school district engaged a printing company to print flyers for the school play and the company's truck driver negligently injured an individual while delivering the flyers to the school, § 893.80(3) would limit the printing company's liability. Certainly, the legislature did not

intend such an absurd result. Therefore, in light of the legislative history and purpose of § 893.80, we conclude that the term agent, as used in the statute, is limited to those agents who are acting under a master-servant relationship with the government.

Whether a master-servant relationship exists is a question of fact. *Trinity Lutheran Church v. Miller*, 451 N.E.2d 1099, 1102 (Ind. Ct. App. 1983). In determining whether a master-servant relationship exists, the dominant factor is the right to control. *Pamperin*, 144 Wis. 2d at 199, 423 N.W.2d at 852. Several other factors may also be taken into account, "including the place of work, the time of the employment, the method of payment, the nature of the business or occupation, which party furnishes the instrumentalities or tools, the intent of the parties to the contract, and the right of summary discharge of employees." *Id.* Here, it is not clear from the record whether the trial court determined if Conradt and the school district had a master-servant relationship. Therefore, we reverse the trial court's judgment and remand for a determination whether Conradt was acting under a master-servant relationship with the school district at the time of the accident.

## SECTION 345.05, STATS., LIMITS ON GOVERNMENT LIABILITY

Next, Wausau contends that the $250,000 liability limit under § 345.05(3), STATS., is applicable to this case regardless of Conradt's agency relationship with the school district because the school district "owned and operated" Conradt's bus at the time of the accident. Whether the school district owned and operated Con-

737

radt's bus within the context of § 345.05(2) involves a question of statutory interpretation that we review without deference to the trial court. *Chang*, 182 Wis. 2d at 560, 514 N.W.2d at 403.

Section 345.05(2) and (3), STATS., provides:

> (2) A person suffering any damage proximately resulting from the negligent operation of a motor vehicle owned and operated by a municipality, which damage was occasioned by the operation of the motor vehicle in the course of its business, may file a claim for damages against the municipality concerned and the governing body thereof may allow, compromise, settle and pay the claim. In this subsection, a motor vehicle is deemed owned and operated by a municipality if the vehicle is either being rented or leased, or is being purchased under a contract whereby the municipality will acquire title.

> (3) A claim under this section shall be filed in the manner, form and place specified in s. 893.80. The limitations under s. 893.80(3) are applicable to a claim under this section, except that the amount recoverable by any person for any damages, injuries or death in any action shall not exceed $250,000.

In this case, there is no dispute that Conradt held title to the bus at the time of the accident. However, Wausau argues that the school district owned and operated the bus under § 345.05(2) because it was renting or leasing the bus from Conradt. It therefore reasons that because the school district is liable under the provisions of § 345.05, Conradt is entitled to the limitation of liability provided in sub. (3). We are not persuaded.

Section 345.05, STATS., pertains exclusively to governmental liability for motor vehicle accidents. The

statute addresses the liability of government entities and operates to impose liability under certain conditions subject to the liability limitation of $250,000 as set forth in sub. (3). However, nothing in § 345.05 provides that the limitation of liability granted to government entities shall be extended to an independent contractor from whom the government may have rented or leased the vehicle. The protections afforded by § 345.05 are only applicable where a party files a claim against a government entity based on a motor vehicle accident. In this case the Kettners have not sued the school board nor have they sought to impose liability upon it. Rather, the Kettners' claim is solely against Conradt. Accordingly, § 345.05 is irrelevant to this case.

Wausau, however, argues that *Manor v. Hanson*, 123 Wis. 2d 524, 368 N.W.2d 41 (1985), supports its contention that the liability limitation under § 345.05(3), STATS., extends to the situation presented in this case. Wausau's reliance on *Manor* is misplaced. In *Manor*, our supreme court concluded that the county could be held liable for the conduct of its volunteer driver under § 345.05(2) because the county was renting the vehicle from the volunteer driver at the time of the accident. *Manor* did not, however, provide that the liability limitation under § 345.05(3) extends to the government's independent contractors. Accordingly, *Manor* is inapposite to the resolution of this issue.

In the interest of clarity, we note that if a master-servant relationship exists, § 893.80, STATS., limits the liability of the servant. In this case, it is yet to be determined whether Conradt was an independent contractor or a servant of the school district. If the trial court determines upon remand that a master-servant

relationship existed, Conradt's liability will be limited by § 893.80. *See Gonzalez*, 160 Wis. 2d at 10, 465 N.W.2d at 529. However, if Conradt is an independent contractor, there is no statute that permits limitations of liability intended for the protection of a municipality's public funds to be transferred from the municipality to an independent contractor with whom the municipality has a business relationship.

## SECTION 632.32, STATS., THE OMNIBUS CLAUSE

Finally, Wausau contends the trial court erred by concluding that § 632.32(3), STATS., of the omnibus statute prohibits Wausau from excluding coverage to Conradt. The policy that Wausau issued to the school district states, in relevant part:

### A. COVERAGE

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

. . . .

### 1. WHO IS AN INSURED

The following are "insureds:"

**a.** You for any covered "auto."

**b.** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

(1) The owner or anyone else from whom you hire or borrow a covered "auto."

The trial court determined that the provision excluding coverage to "the owner or anyone else from whom you hire or borrow a covered auto" violated § 632.32(3)(a), STATS., of the omnibus act. Accordingly, the trial court

concluded that Conradt was covered under the school district's policy.

The issue of whether Wausau's policy exclusion violated § 632.32(3), STATS., involves the interpretation of a statute and is a question of law that we review without deference to the trial court. *State Farm Mut. Auto. Ins. Co. v. Kelly*, 132 Wis. 2d 187, 190, 389 N.W.2d 838, 839 (Ct. App. 1986). As we previously noted, we must look to the language of the statute to ascertain and give effect to the legislature's intent. *Pham*, 137 Wis. 2d at 34, 403 N.W.2d at 36.

Section 632.32(3)(a) and (b), STATS., states:

> (3)  REQUIRED PROVISIONS. Except as provided in sub. (5), every policy subject to this section issued to an owner shall provide that:
>
> (a)  Coverage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy.
> (b)  Coverage extends to any person legally responsible for the use of the motor vehicle.

Wausau contends that the language of § 632.32(3), STATS., clearly states that the statute is applicable only where an insurance policy is issued to a named insured who is also the "owner" of the motor vehicle described in the policy. Therefore, because the school district did not own Conradt's bus, Wausau contends that § 632.32(3) does not apply to this case. Wausau's contention is contrary to our decision in *Home Ins. Co. v. Phillips*, 175 Wis. 2d 104, 110, 499 N.W.2d 193, 196 (Ct. App. 1993).

The purpose of § 632.32, STATS., is to assure insurance coverage to accident victims. *Id.* at 111, 499 N.W.2d at 196. Thus, § 632.32 must be broadly construed so as to increase rather than limit coverage. *Id.* In keeping with the purpose of § 632.32, we concluded in *Home Ins.* that the legislature did not intend to distinguish between an owner and a named insured when it drafted the omnibus statute. *Id.* at 112, 499 N.W.2d at 197. Therefore, despite the fact that the school district did not own the bus, the omnibus statute would apply to the school district as the named insured on the insurance policy. This conclusion, however, does not end our inquiry.

Section 632.32(3), STATS., applies only to vehicles covered under the insured's policy. Therefore, the statute is applicable to the school district only if Conradt's bus was covered under its policy with Wausau. The policy does not expressly state that it covers Conradt's bus. However, at page three of the policy, the following provision appears, "Cost of Hire means the total amount you incur for the hire of 'autos,' including charges for services performed by a school bus contractor." Without further factual findings, we are unable to determine whether the policy's reference to school bus contractors indicates that the policy covers Conradt's bus or whether it is simply extraneous language that has no bearing on the policy's coverage. Therefore, we conclude that the applicability of the omnibus clause depends upon whether the policy covers Conradt's bus. The trial court made no finding on the extent of the policy's coverage. While the interpretation of an insurance policy may be restricted to a question of law, *Katze v. Randolph & Scott Mut. Fire Ins. Co.*, 116 Wis. 2d 206,

212, 341 N.W.2d 689, 691 (1984), we deem it appropriate to have the trial court address this issue. If the trial court determines upon remand that the policy does cover Conradt's bus, the omnibus statute applies and prohibits Wausau from excluding coverage to Conradt. However, if the policy does not cover Conradt, it ends the inquiry because no exclusion would be necessary.

In sum, we conclude that the term agent under § 893.80(3), STATS., is limited to those agents who have a master-servant relationship with a government entity. Accordingly, we reverse the trial court's judgment and remand for a determination of whether Conradt was under a master-servant relationship with the school district at the time of the accident. Further, we conclude that § 345.05(3), STATS., is inapplicable to this case because the Kettners have made no claim against the school district. Finally, we conclude that § 632.32(3), STATS., of the omnibus statute is applicable to named insureds. We remand this issue, however, for a determination of whether the school district's policy covered Conradt's bus.

*By the Court.*—Judgment reversed and cause remanded.