Jonathan REUTER, Jeffrey Reuter, and Shelley Reuter, Plaintiffs-Respondents,

v.

M. Theresa MURPHY, Grinnell Mutual Insurance Company, Darrell W. Turcotte, H.O. Wolding, Inc., Liberty Mutual Insurance Company, Defendants,

WAUSAU INSURANCE COMPANY, Defendant-Appellant,†

RURAL SECURITY LIFE INSURANCE COMPANY, and Community Financial and Insurance Corporation, Defendants-Respondents.

Court of Appeals

*No. 99–3349. Submitted on briefs September 12, 2000.—Decided November 9, 2000.*

2000 WI App 276

(Also reported in 622 N.W.2d 464.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Robert J. Dreps* of *LaFollette Godfrey & Kahn* of Madison.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Michael R. Fox* of *Fox & Fox, S.C.,* of Madison.

Before Dykman, P.J., Deininger, J., and William Eich, Reserve Judge.

¶ 1.   EICH, Reserve Judge.   Wausau Insurance Company appeals from a judgment awarding Jonathan Reuter substantial damages for injuries he received when the car in which he was being driven home from school was involved in an accident. The car was being driven by M. Theresa Murphy, who had an oral agreement with the Southwestern Wisconsin Community School District under which she was paid a fixed sum for transporting children to and from school, using her own vehicle. The agreement required Murphy to insure her car, and the district paid for necessary additional insurance.

¶ 2.   In addition to suing the driver of the other car, Reuter (and his parents) sued Murphy and her insurer[1] —as well as the district and its insurer, Wausau—alleging, among other things, that, at the time of the accident, Murphy was the district's agent and/or employee. The defendants moved for partial summary judgment declaring that WIS. STATS. §§ 345.05(3) and 893.80(3) (1997–98)[2] , which limit the damages recoverable against government bodies, were applicable to Reuter's claims. Attempting to avoid the limitations, Reuter amended his complaint to allege that Murphy was an independent contractor. He also dismissed the district from the action. The court, after ruling that disputed factual issues existed—and holding an evidentiary hearing—concluded that Murphy

---

[1] Murphy was insured by Grinnell Mutual Insurance Company. Grinnell is not a party to the appeal.

[2] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

was an independent contractor and that, as a result, the statutory damage limitations were inapplicable.

¶ 3.　Wausau then moved for summary judgment on two grounds. First, it claimed there was no coverage under its policy because Murphy's car was neither owned by the district nor named in the policy—and, further, that, contrary to Reuter's argument, the "omnibus coverage" statute, WIS. STAT. § 632.32(3)(a), did not extend coverage to Murphy's car. Wausau also argued that the statutory damage limitation applied even if the district was not a party to the action and/or Murphy was an independent contractor.

¶ 4.　The court denied Wausau's motion and granted partial summary judgment to Reuter, holding that: (1) the rule of issue preclusion barred Wausau from challenging the application of the omnibus statute to its policy because of its involvement in a prior case in which that issue had been resolved against it; (2) in any event, the statute mandates coverage in this instance; and (3) the statutory damage limitations apply only to school districts and cannot be claimed by Murphy or Wausau.

¶ 5.　The parties reached a settlement fixing Reuter's damages at $1.8 million and releasing Murphy from the action after her insurer paid its policy limits. Reuter preserved his claims against the other driver and Wausau. This appeal, as indicated, concerns only Wausau's challenge to the partial summary judgment entered against Wausau.

¶ 6.　We conclude that, while the circuit court erred in holding that Wausau was barred from litigating its no-coverage claim under the rule of issue preclusion, the court's alternative ruling that, as a matter of law, the omnibus statute extends coverage to Murphy in this case was correct. We also conclude, as

114

did the circuit court, that the statutory damage limitations do not apply to Wausau. We therefore affirm the judgment.

## Issue Preclusion

¶ 7.    The rule of issue preclusion bars relitigation of issues of law or fact that have been litigated in a previous action. *See Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 550, 525 N.W.2d 723 (1995). In order for the bar to apply, the party against whom it is being asserted must have been a party to the prior action (or in privity with a party), the issue must have been "actually litigated" in that action, and application of the rule in the case at hand must comport with "principles of fundamental fairness." *Paige K.B. v. Steven G.B.*, 226 Wis. 2d 210, 225–26, 594 N.W.2d 370 (1999). The rule is designed to further the interest in judicial economy by limiting the relitigation of issues that have been tried and decided in a previous action. It is, however, a rule in which courts may "consider a [broad] array of equitable factors" in deciding whether to apply it in a given case. *Lindas v. Cady*, 183 Wis. 2d 547, 559, 515 N.W.2d 458 (1994).

¶ 8.    Wausau argues that the circuit court erred in concluding that the rule bars consideration of the application of the omnibus statute to its policy in this action because it was a party to an earlier action in which that issue was resolved against it. The statute, which we discuss in greater detail below, generally requires that coverage available to the named insured must apply equally to persons using vehicles described in the policy with the insured's permission. The earlier case involved a school-bus accident in which Randall Kettner was injured. The owner/driver of the bus,

115

Eugene Conradt, was a contract driver for the local school district, and the district was insured under a Wausau policy which, like the policy in this case, covered "non-owned buses . . . hired or borrowed [by the district]," but excluded coverage when the hired vehicle was being driven by its owner. We held in that case that the omnibus statute had the effect of extending coverage to vehicles that were not owned by the district. *See Kettner v. Wausau Ins. Cos.*, 191 Wis. 2d 723, 742, 530 N.W.2d 399 (Ct. App. 1995). Because we could not tell from the record, however, whether, as a matter of fact, such coverage would extend to Conradt's bus, we remanded to the trial court to determine that issue. *See id.* at 743. On remand, the trial court ruled that the policy covered the bus and, on a second appeal, we agreed, holding that Conradt's bus fell into the category of "hired" vehicles described in the policy, and that coverage was thus mandated by the statute. *See Kettner v. Conradt*, No. 96–1749, unpublished slip op. at 5–6 (WI App. Apr. 29, 1997). That opinion, however, was not published and is thus nonprecedential.

¶ 9.  We reject Reuter's argument that Wausau's participation in the *Kettner* case precludes it from litigating coverage here. While Wausau was indisputably a party to the *Kettner* appeals, and while one of the issues in that case was the applicability of the omnibus statute to Wausau's policy, we do not consider it either fair or legally appropriate to apply the rule of issue preclusion here because we think the case comes within the well-recognized "issue-of-law" exception to the rule.

¶ 10.  In *Michelle T. v. Crozier*, 173 Wis. 2d 681, 689 n.10, 495 N.W.2d 327 (1993), the supreme court, discussing the "fundamental fairness" of applying

issue preclusion to one of the parties (the court eventually decided that it was fair to do so), recognized that several exceptions to the rule found in RESTATEMENT (SECOND) OF JUDGMENTS (1980) were relevant to the fairness inquiry. And one of those exceptions states that, even though a particular issue may have been litigated and determined in the prior action, relitigation is not precluded if "[t]he issue is one of law and . . . the two actions involve claims that are substantially unrelated." *Id.*, § 28, p. 273.[3] That the instant case is one coming within the terms of the exception is apparent, we think, from the following RESTATEMENT commentary:

> A rule of law declared in an action between two parties should not be binding on them for all time, especially as to claims arising after the first proceeding has been concluded, when other litigants are free to urge that the rule should be rejected. Such preclusion might unduly delay needed changes in the law and might deprive a litigant of a right that the court was prepared to recognize for other litigants in the same position.

*Id.*, cmt. b.

¶ 11.   The circuit court concluded that the issue-of-law exception did not apply "because the claims involved in *Kettner* and this case are virtually the

---

[3] The RESTATEMENT provides an analogous illustration:

A brings an action against the municipality of B for tortious injury. The court sustains B's defense of sovereign immunity and dismisses the action. Several years later A brings a second action against B for an unrelated tortious injury occurring after the dismissal. The judgment in the first action is not conclusive on . . . whether the defense of sovereign immunity is available to B.

RESTATEMENT (SECOND) OF JUDGMENTS, § 28, cmt. b, illus. 2 (1980).

same." We do not dispute that the *issue* in the *Kettner* cases—the applicability of the omnibus statute—was virtually identical. But we agree with Wausau that the *claims* are not identical. They arise from a different accident, involving a different victim, a different negligent driver, a different school district and different facts. The claims in the *Kettner* cases and the claims in this case are distinct and discrete, and we do not think it would be fair—much less "fundamentally fair"—to preclude Wausau from challenging that legal interpretation in a subsequent case.

### Application of the Omnibus Statute

¶ 12.   WISCONSIN STAT. § 632.32 provides as follows:

> (3)   REQUIRED PROVISIONS. Except as provided in sub. (5), every policy subject to this section issued to an owner shall provide that:
> (a)   Coverage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy.
> . . . .
> (5)   PERMISSIBLE PROVISIONS
> (a)   A policy may limit coverage to use that is with the permission of the named insured or, if the insured is an individual, to use that is with the permission of the named insured or an adult member of the insured's household.

¶ 13.   Because all liability policies issued in Wisconsin must provide at least as much protection as the law requires, the statute mandates coverage even where the express terms of a policy state the opposite.

*See Wegner v. Heritage Mut. Ins. Co.*, 173 Wis. 2d 118, 124, 496 N.W.2d 140 (Ct. App. 1992). In that situation, the policy will be enforced as though it had been written in accordance with the statute. *See Amidzich v. Charter Oak Fire Ins. Co.*, 44 Wis. 2d 45, 53, 170 N.W.2d 813 (1969).

¶ 14.   The applicable provisions of Wausau's policy are as follows:

### 1. WHO IS AN INSURED

The following are "insureds:"

a.   You for any covered "auto."

b.   Anyone else while using with your permission a covered "auto" you own, hire or borrow *except*:

(1)   The owner or anyone else from whom you hire or borrow a covered "auto." (Emphasis added.)

¶ 15.   We have no doubt that Murphy's car—like Conradt's bus in *Kettner*—was a "hired" vehicle within the plain meaning of the Wausau policy. It is equally plain, we think, that the policy terms would exclude coverage in this case under the "owner/driver" exclusion in paragraph b(1). And since, under the omnibus statute, the coverage enjoyed by the named insured (*e.g.*, the district) must apply in the same manner to anyone using the described vehicle for a purpose and in a manner permitted by the policy (*e.g.*, transporting children to and from a district school), we hold that the statute extends coverage to Murphy.

### The Statutory Damage Limitations

¶ 16.   As we have said, the circuit court ruled that because Murphy was an independent contractor, the statutory damage limitations applicable to actions against public bodies did not apply to Reuter's claims. Wausau challenges that ruling, arguing that Murphy

was not an independent contractor—and that even if she was, the limitations are still applicable. We disagree on both counts.

¶ 17. Although the existence of a master-servant (or independent contractor) relationship is usually a question of fact, where, as here, the facts underlying the relationship between Murphy and the district are undisputed, the question is one of law, subject to independent review on appeal. *See Nottelson v. DILHR*, 94 Wis. 2d 106, 116–17, 287 N.W.2d 763 (1980). Even so, we have often recognized that we may, and often do, benefit from the trial court's analysis of the legal issues, *see Lomax v. Fiedler*, 204 Wis. 2d 196, 206, 554 N.W.2d 841 (Ct. App. 1996); and this is such a case.

¶ 18. The dominant factor in determining whether an individual is a servant or an independent contractor is whether the alleged "master" has the "right to control the details of the [servant's] work." *Madison Newspapers, Inc. v. DOR*, 228 Wis. 2d 745, 764, 599 N.W.2d 51 (Ct. App. 1999). In this case, the circuit court undertook an extensive and well-reasoned examination of all facts bearing on the relationship between Murphy and the school district in arriving at its conclusion that Murphy was an independent contractor. Murphy had no written contract or oral agreement with the school district regarding the particulars of her job except for oral directions as to which students to pick up and at what times. She chose her own routes without restriction. She had no supervisor and received no performance evaluations. There were no written rules governing her conduct while transporting pupils. The maintenance of her vehicle was left to her discretion, and the vehicle was not subject to

safety inspections. In this light, Murphy is very much in the same position as the milk hauler in *Carothers v. Bauer*, 23 Wis. 2d 15, 126 N.W.2d 758 (1964), whose contract with the dairy, while setting out the required pick-ups, etc., left the route and all other aspects of the driver's duties to his discretion. The supreme court held in that case that the driver was an independent contractor and, as a result, the dairy could not be held liable (on *respondeat superior* grounds) for his negligence in colliding with another vehicle while on the route. *See id.* at 25–27.

¶ 19. Wausau argues, however, that WIS. STAT. § 121.52(1)(b), which gives school districts the right to control the conduct of persons transporting pupils to and from school, compels us to hold as a matter of law that persons hired to do such work cannot under any circumstances be considered independent contractors. Section 121.52(1)(b) provides as follows:

> [T]he school board may adopt additional rules, not inconsistent with law or with rules of the secretary of transportation or the state superintendent, for the protection of the pupils or to govern the conduct of the person in charge of the motor vehicle used for transportation of pupils for compensation.

■

¶ 20. As is apparent from its terms, the statute is permissive: it neither governs driver conduct itself nor requires school districts to adopt particular rules to that end. It merely authorizes districts to do so; and, in this instance, the district elected not to. We agree with Wausau that the supreme court stated generally in several decisions in the 1930's and '40's that it is "quite immaterial whether the right to control is exercised by the master so long as he has the right to exercise such

control." *See Employers Mut. Liab. Ins. Co. v. Industrial Comm'n*, 230 Wis. 670, 676, 284 N.W. 548 (1939). But no such right was ever established by the district in this case. The statute states only that the district may, by adopting rules, control the details of the drivers' work. Because the district has not taken any steps to adopt such rules, we do not see how the statute, standing alone, may be said to provide the "right to control" that the law requires in order for a master/servant relationship to exist. Under its agreement with Murphy, the district granted her full discretion to set her own procedures and her own rules for transporting the students to and from school. And the mere existence of WIS. STAT. § 121.52(1)(b) does not change that fact.

¶ 21.   Finally, Wausau argues that the damage cap contained in WIS. STAT. § 345.05 should apply even though Murphy is an independent contractor. The statute, which relates to municipal liability for motor vehicle accidents, provides in pertinent part as follows:

(2)   A person suffering any damage proximately resulting from the negligent operation of a motor vehicle owned and operated by a municipality, which damage was occasioned by the operation of the motor vehicle in the course of its business, may file a claim for damages against the municipality concerned and the governing body thereof may allow, compromise, settle and pay the claim. In this subsection, a motor vehicle is deemed owned and operated by a municipality if the vehicle is either being rented or leased, or is being purchased under a contract whereby the municipality will acquire title.

(3)   A claim under this section shall be filed in the manner, form and place specified in s. 893.80. The limitations under s. 893.80(3) are applicable to

a claim under this section, except that the amount recoverable by any person for any damages, injuries or death in any action shall not exceed $250,000.

¶ 22.   Alternatively, Wausau contends that the $50,000 limitation for damages recoverable for the negligence of a "government servant" provided by WIS. STAT. § 893.80(3), also applies. The statute provides that:

the amount recoverable by any person for any damages, injuries or death in any action founded on tort against any . . . governmental subdivision or agency thereof and against their officers, officials, agents or employes for acts done in their official capacity or in the course of their agency or employment, . . . shall not exceed $50,000.

■

¶ 23.   We specifically held in *Kettner*, 191 Wis. 2d at 729–30, that neither limitation is applicable where there is no master/servant relationship. As a result, our conclusion that Murphy was an independent contractor, rather than a servant or agent of the district, at the time of the accident, mandates. rejection of Wausau's arguments. If a contract bus driver—or a contract driver using his or her own vehicle—is an independent contractor, then "there is no statute that permits limitations of liability intended for the protection of a municipality's public funds to be transferred from the municipality to an independent contractor with whom the municipality has a business relationship." *Id*. at 740. That was the result we reached in *Kettner*, and it is the result we reach here.

*By the Court*.—Judgment affirmed.