REILLY, P.J.[1]
¶1 In this consolidated appeal,[2] Fond du Lac County Department of Social Services (DSS) appeals from orders dismissing petitions alleging that W.A.B. and Y.B. are children in need of protection or services (CHIPS). DSS argues that the circuit court erred in dismissing the petitions with prejudice on the basis of issue and claim preclusion. We agree the court erred, and we reverse and remand for further proceedings consistent with this opinion.
BACKGROUND
¶2 The following facts were obtained from the CHIPS and juvenile in need of protection or services (JIPS) petitions based on the information provided to DSS. W.A.B. and her sister, Y.B., were born in Haiti and adopted by a Wisconsin couple, W.G.B. and K.L.B., in 2013. W.A.B. alleges that her relationship with her adoptive parents soured almost immediately, claiming that her parents abused her and her sister even while they were still in Haiti.
¶3 W.A.B.'s relationship with her parents hit rock bottom in June 2016 when she was involved in an altercation and allegedly threatened her mother, K.L.B., with a knife, which resulted in a delinquency petition being filed. Further evaluation revealed that W.A.B. was not competent to proceed in the delinquency case, and DSS filed a JIPS petition pursuant to WIS. STAT. § 938.13(14).[3] At the JIPS dispositional hearing, the parents expressed fear and distrust of DSS and opposed conditions requiring them to sign releases for information to facilitate W.A.B.'s reunification with the family. The parents indicated that, due to W.A.B.'s issues, they were not seeking reunification-they did not want W.A.B. back-and specifically expressed their concern that the JIPS case "is a back door to a CHIPS" case and "a way to get information." The March 2017 dispositional order placed W.A.B. outside the home, only allowed visitation between the sisters when the family's counselor deemed it appropriate, and was set to expire on her eighteenth birthday.
¶4 In April 2017, DSS filed the CHIPS petitions pursuant to WIS. STAT. § 48.13(11), alleging that W.A.B. and Y.B. "have been psychologically harmed to a severe degree" and were in need of protection or services as their parents were neglecting, refusing, or were unable to obtain treatment. The petitions included claims of emotional and physical abuse of the children by the parents and "that the parents are withholding the siblings from seeing each other," which is alleged to be impacting both of their mental health. The parents filed a motion to dismiss the petitions, arguing issue and claim preclusion. DSS, the guardian ad litem, and W.A.B.'s advocate counsel all filed briefs opposing the motion to dismiss. The circuit court held a hearing and granted the motion, noting that the family dynamic issues were before the court in the JIPS case and should have been addressed: "The issue was back in the JIPS case. The issue is here in the CHIPS case. Same issue, same parties, same players, same concerns, same remedy, same everything." DSS and W.A.B. appeal.
DISCUSSION
¶5 DSS and W.A.B. argue that the circuit court erred by dismissing the petitions based on issue and claim preclusion as the issues in the CHIPS cases were not actually litigated in the prior JIPS case and the two types of cases present distinct claims, creating an inadequate opportunity to adjudicate the family issues in the JIPS case. Conversely, the parents argue that the CHIPS cases were really about W.A.B. and Y.B. suffering emotional damage as a result of being kept apart, which was an issue that was litigated during the JIPS case. We conclude that a JIPS disposition and a CHIPS disposition are two distinct areas of law, and a disposition in the JIPS case did not preclude a disposition in the CHIPS cases. The circuit court did not specify under which preclusion doctrine, issue or claim, it was applying when it granted the parents' motion to dismiss the CHIPS petitions. Thus, we will address each below.
Issue Preclusion
¶6 The doctrine of issue preclusion "bars relitigation of issues of law or fact that have been litigated in a previous action." Reuter v. Murphy , 2000 WI App 276, ¶7, 240 Wis. 2d 110, 622 N.W.2d 464. "In order for the bar to apply, the party against whom it is being asserted must have been a party to the prior action (or in privity with a party), the issue must have been 'actually litigated' in that action, and application of the rule in the case at hand must comport with 'principles of fundamental fairness.' "[4] Id. (citation omitted). In Michelle T. v. Crozier , 173 Wis. 2d 681, 689, 495 N.W.2d 327 (1993), our supreme court articulated a list of factors courts are to consider as part of the "fundamental fairness" inquiry:
(1) could the party against whom preclusion is sought, as a matter of law, have obtained review of the judgment; (2) is the question one of law that involves two distinct claims or intervening contextual shifts in the law; (3) do significant differences in the quality or extensiveness of proceedings between the two courts warrant relitigation of the issue; (4) have the burdens of persuasion shifted such that the party seeking preclusion had a lower burden of persuasion in the first trial than in the second; or (5) are matters of public policy and individual circumstances involved that would render the application of collateral estoppel to be fundamentally unfair, including inadequate opportunity or incentive to obtain a full and fair adjudication in the initial action?
No single factor is dispositive, Aldrich v. LIRC , 2012 WI 53, ¶111, 341 Wis. 2d 36, 814 N.W.2d 433, and the court is not required to consider all five factors, Michelle T. , 173 Wis. 2d at 688-89.
¶7 In this case, the parents argue that the issue in the CHIPS petition was litigated in the JIPS case and it was not fundamentally unfair to employ issue preclusion in this case.[5] We disagree. JIPS and CHIPS are distinct, although similar, statutory proceedings with different purposes, procedures, and dispositions. In 1995, the Wisconsin Legislature, under 1995 Wis. Act 77, created the new juvenile justice code legislation under WIS. STAT. ch. 938 and transferred several CHIPS grounds out of WIS. STAT. § 48.13 and into WIS. STAT. § 938.13. At the most basic level, a JIPS petition is filed as a result of actions taken by the child/juvenile. Section § 938.13 provides that jurisdiction of the court over a JIPS is applicable where a juvenile is "[u]ncontrollable," "[h]abitually truant from school," "a [s]chool dropout," "[h]abitually truant from home," committed a "[d]elinquent act before age 10," or is "[n]ot responsible or not competent ... for a delinquent act by reason of mental disease or defect or ... not competent to proceed."
¶8 The legislature provided that the intent of WIS. STAT. ch. 938 is "to promote a juvenile justice system capable of dealing with the problem of juvenile delinquency, a system which will protect the community, impose accountability for violations of law and equip juvenile offenders with competencies to live responsibly and productively." WIS. STAT. § 938.01(2). The legislature further declared the purposes of the chapter:
(a) To protect citizens from juvenile crime.
(b) To hold each juvenile offender directly accountable for his or her acts.
(c) To provide an individualized assessment of each alleged and adjudicated delinquent juvenile, in order to prevent further delinquent behavior through the development of competency in the juvenile offender, so that he or she is more capable of living productively and responsibly in the community.
....
(f) To respond to a juvenile offender's needs for care and treatment, consistent with the prevention of delinquency, each juvenile's best interest and protection of the public, by allowing the court to utilize the most effective dispositional option.
Id.
¶9 In contrast, a CHIPS petition is filed as a result of something that was done or not done to or for the child or a circumstance affecting the child. WISCONSIN STAT. § 48.13 provides fifteen situations ranging from being without a parent, being abandoned, being abused or neglected or at risk for being abused or neglected, to suffering emotional damage, or not being immunized-none of which involve actions taken or choices made by the child. Under the children's code, "the best interests of the child or unborn child shall always be of paramount consideration." WIS. STAT. § 48.01(1). The legislature explained that "the paramount goal of this chapter is to protect children and unborn children, to preserve the unity of the family, whenever appropriate, by strengthening family life through assisting parents and the expectant mothers of unborn children, whenever appropriate, in fulfilling their responsibilities as parents or expectant mothers." Sec. 48.01(1)(a).
¶10 We agree with DSS and W.A.B. that JIPS and CHIPS are two distinct areas of law that are marked by a different quality in the adjudication of separate issues. The focus in a JIPS case is on holding the juvenile accountable for his or her wrongful conduct, protecting the community, and rehabilitating the juvenile. Even the purported focus on providing treatment and needs for care, which would typically involve the parents, are qualified as being "consistent with the prevention of delinquency." WIS. STAT. § 938.01(2)(c), (f). The parents are secondary and a means to an end. In CHIPS cases, however, the parents are the primary focus in the goal to protect the child and fulfill his or her best interest. See S.D.S. v. Rock Cty. DSS , 152 Wis. 2d 345, 357, 448 N.W.2d 282 (Ct. App. 1989) ("CHIPS dispositional and extension hearings emphasize the child's future well-being and family values, not culpability.").
¶11 Here, W.A.B. was subject to a delinquency petition based entirely on her wrongful conduct, and, after a competency evaluation, the JIPS petition was filed. W.A.B. did not contest the petition, and the case continued to a dispositional hearing where the only dispute was the parents' opposition to a proposed rule requiring them to sign releases for information from treatment providers. The only reason visitation between the sisters was even addressed was due to the parents' failure to assent to the proposed dispositional order, and the discussion was incidental to the actual issue of W.A.B.'s wrongful conduct, which was both undisputed and the only matter at issue in the JIPS case.
¶12 Based on the fact that (1) JIPS and CHIPS adjudications are separate and distinct matters with a discrete purpose and intent; (2) the allegations of wrongful conduct on behalf of W.A.B. in the JIPS matter were not the same, or similar, to the allegations in the CHIPS petitions that W.A.B. and Y.B. are suffering emotional damage for which their parents are failing to provide them support; (3) the allegation in the JIPS case was uncontested; and (4) the best interests of W.A.B. and Y.B. demand an adequate opportunity to investigate and adjudicate the allegations against the parents in the CHIPS petitions, we conclude that issue preclusion is not applicable in the present case.
Claim Preclusion
¶13 The doctrine of claim preclusion "provides that a final judgment on the merits bars parties from relitigating any claim that arises out of the same relevant facts, transactions or occurrences." Sopha v. Owens-Corning Fiberglas Corp. , 230 Wis. 2d 212, 233, 601 N.W.2d 627 (1999). A final judgment is conclusive in all subsequent matters "which were litigated or which might have been litigated in the former proceedings." DePratt v. West Bend Mut. Ins. Co. , 113 Wis. 2d 306, 310, 334 N.W.2d 883 (1983) ; see also Lindas v. Cady , 183 Wis. 2d 547, 559, 515 N.W.2d 458 (1994) (finding claim preclusion "extends to any and all claims that either were or which could have been asserted in the previous litigation").
¶14 In order for claim preclusion to bar an action, the following factors must be present: "(1) an identity between the parties or their privies in the prior and present suits; (2) an identity between the causes of action in the two suits; and (3) a final judgment on the merits in a court of competent jurisdiction." Northern States Power Co. v. Bugher , 189 Wis. 2d 541, 551, 525 N.W.2d 723 (1995). Claim preclusion, however, is not an "ironclad rule which must be implacably applied whenever its literal requirements are met, regardless of any countervailing considerations." Patzer v. Board of Regents , 763 F.2d 851, 856 (7th Cir. 1985). Whether claim preclusion applies to a particular factual scenario is a question of law that we review de novo. Bugher , 189 Wis. 2d at 551.
¶15 In this case, the parties do not dispute the first and third claim preclusion factors. Where the parties diverge is as to whether or not there was an identity between the causes of action in the CHIPS cases such that the matter was litigated or could have been litigated in the JIPS proceeding. "In determining whether there is identity between causes of action for purposes of applying claim preclusion, Wisconsin courts apply the 'transactional approach' as described in Restatement (Second) of Judgements."Fannie Mae v. Thompson , 2018 WI 57, ¶33, 381 Wis. 2d 609, 912 N.W.2d 364 (citing Kruckenberg v. Harvey , 2005 WI 43, ¶25, 279 Wis. 2d 520, 694 N.W.2d 879 ). "The transactional approach to claim preclusion reflects 'the expectation that parties who are given the capacity to present their entire controversies shall in fact do so.' " Kruckenberg , 279 Wis. 2d 520, ¶27 (citation omitted). Put another way, "[t]he concept of a transaction connotes a common nucleus of operative facts." Id. , ¶26.
¶16 The CHIPS petitions in this case claim that W.A.B. and Y.B. are "suffering emotional damage for which the parent, guardian or legal custodian has neglected, refused or been unable and is neglecting, refusing or unable, for reasons other than poverty, to obtain necessary treatment or to take necessary steps to ameliorate the symptoms." See WIS. STAT. § 48.13(11). The parents argue that the CHIPS petitions are about the parents keeping W.A.B. and Y.B. apart, which was addressed in the JIPS order. DSS argues that the CHIPS cases are "about more than sibling separation," encompassing "allegations of physical and psychological abuse and [W.A.B.'s] mental health issues and necessary treatment." We agree.
¶17 There is no common nucleus of operative facts between the cases. The facts involved in the JIPS case were only those related to the claim that W.A.B. engaged in wrongful conduct such that she would be subject to a delinquency petition had she been found competent. W.A.B. was found not competent and thus was found in need of protection or services. That does not change the fact, however, that the issue was W.A.B.'s wrongful actions and how to rehabilitate her and protect the community. In contrast, the CHIPS petitions involved facts surrounding the parents' actions and inactions related to the girls. It should also be mentioned that there was never a DSS petition related to Y.B.; therefore, the question of her need for protection or services had never been adjudicated prior to her CHIPS petition. We concur that the CHIPS cases involve "a family in distress" and "a traumatized child and whether her adoptive parents are providing her with the proper treatment." As detailed above, CHIPS and JIPS petitions have different focuses and different purposes, and while the dispositions might overlap in some areas, it does not mean that one may preclude the other where the claims are different. The CHIPS cases may proceed.
By the Court. -Orders reversed and causes remanded.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(e) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

DSS moved this court to consolidate appeal Nos. 2017AP2468 and 2017AP2469, which we granted by order on February 22, 2018.

Wisconsin Stat. § 938.13(14) provides that the court has exclusive original jurisdiction over a juvenile if "[t]he juvenile has been determined, under [ Wis. Stat. §] 938.30(5)(c), to be not responsible for a delinquent act by reason of mental disease or defect or has been determined, under [§] 938.30(5)(d), to be not competent to proceed."

Whether an issue was actually litigated is one of law, which we review de novo, while the issue of fundamental fairness involves the exercise of discretion, which we review for an erroneous exercise of discretion. Mrozek v. Intra Fin. Corp. , 2005 WI 73, ¶15, 281 Wis. 2d 448, 699 N.W.2d 54 ; Paige K.B. v. Steven G.B. , 226 Wis. 2d 210, 225, 594 N.W.2d 370 (1999) (noting that while court is to use its discretion to consider list of factors, some factors are questions of law).

The parties agree that the question of whether the parties in the action were the same or their privies is not at issue.